UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BROOKE ELIZABETH HEIKE,

       Plaintiff,

                                Case Number 09-10427-BC
vs.                                     Honorable Thomas L. Ludington

SUE GUEVARA, DAVE HEEKE,
PATRICIA PICKLER, CENTRAL
MICHIGAN UNIVERSITY BOARD OF
TRUSTEES,

       Defendants.
_____ /

## ORDER DISMISSING ORDER TO SHOW CAUSE

On November 12, 2008, Plaintiff Brooke Elizabeth Heike filed a complaint [Dkt. # 1], alleging claims under 42 U.S.C. § 1983 and various state-law claims. On February 26, 2009, Defendants filed an answer [Dkt. # 7]. On March 26, 2009, the Court entered an order to show cause why the case should not be reassigned to the Southern Division [Dkt. # 14], requesting responses from both Plaintiff and Defendants. The Court noted that Plaintiff's complaint alleges that she is a resident of Macomb County, Michigan, and that her claims arose in Isabella County, Michigan. The Court further noted that if Plaintiff is a resident of Macomb County, which is in the Southern Division, the case is properly assigned to the Southern Division because, for the purpose of assigning civil cases, "[t]he county in which a plaintiff resides," E.D. Mich. LR 83.10(b)(3), is given priority over "[t]he county in which the claim arose," LR 83.10(b)(4), which Plaintiff alleges is Isabella County in the Northern Division.

Plaintiff and Defendants filed a series of responses [Dkt. # 15, 16, 18, 19, 20]. Plaintiff asserts that the case should be reassigned to the Southern Division, and that Plaintiff only filed the case in the Northern Division because of a computer error. Plaintiff also contends that she is a resident of Macomb County because she resides at her parents' home in that county and maintains her driver's license there. Plaintiff asserts that while she currently leases an apartment, attends classes at Central Michigan University ("CMU"), intends to finish her undergraduate degree at CMU, and has a part-time job in Isabella County, she does not intend to make Isabella County her permanent residence. However, Plaintiff has not otherwise expressed any other future career or school plans.

In contrast, Defendants contend that the Northern Division is proper and that the case should remain here. In support, Defendants argue that Plaintiff currently resides in Isabella County because she is a student at Central Michigan University, maintains an apartment lease near campus, works a part-time job, and maintains a bank account. Based on the information provided by the parties, it appears that Plaintiff resides both in Macomb County and Isabella County. Thus, under E.D. Mich. LR 83.10(b), Plaintiff's residence is not determinative of where this case should be assigned.

While the convenience of the parties, the location of the records and likely witnesses, and the merits of the lawsuit are not relevant considerations, the Court may also consider "[t]he county in which the claim arose," LR 83.10(b)(4), and "[a] county in which a defendant resides or has a place of business." LR 83.10(b)(6). Based on the above, the case is properly before this Court in the Northern Division. One county in which Plaintiff resides is Isabella County, the claims arose in Isabella County, and Defendants either reside or have a place of business in Isabella County.

Accordingly, it is **ORDERED** that the Court's order to show cause [Dkt. # 14] is **DISMISSED**.

                                              s/Thomas L. Ludington  
                                              THOMAS L. LUDINGTON  
                                              United States District Judge

Dated: June 3, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 3, 2009.

                                  s/Tracy A. Jacobs  
                                  TRACY A. JACOBS