UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BROOKE ELIZABETH HEIKE,

        Plaintiff,

                                    Case Number 09-10427-BC
v.                                  Honorable Thomas L. Ludington

SUE GUEVARA, DAVE HEEKE,
PATRICIA PICKLER, CENTRAL
MICHIGAN UNIVERSITY BOARD OF
TRUSTEES,

        Defendants.
_____ /

## ORDER DETERMINING AMOUNT OF SANCTIONS
## IMPOSED ON PLAINTIFF AND PLAINTIFF'S COUNSEL

On February 3, 2009, Plaintiff Brooke Elizabeth Heike filed a nine-count complaint [Dkt. # 1], alleging numerous federal claims pursuant to 42 U.S.C. § 1983, and state-law claims against Defendants Central Michigan University Board of Trustees ("CMU"), Sue Guevara, Dave Heeke, and Patricia Pickler. Plaintiff's claims generally arose from her removal from the CMU women's basketball program and the loss of her athletic scholarship. Defendant Sue Guevara ("Coach Guevara") is employed by CMU as Head Coach of the women's basketball program. Defendant Dave Heeke ("AD Heeke") is employed by CMU as its Athletics Director. Defendant Patricia Pickler ("Pickler") is employed by CMU as an Assistant Director in the Office of Scholarships and Financial Aid.

A final judgment entered in this case on May 3, 2010. The judgment recorded that Plaintiff's claims against CMU were dismissed on the basis of sovereign immunity; that Plaintiff's claims against the individual Defendants in their official capacities were dismissed on the basis of sovereign

immunity, except to the extent that they sought prospective injunctive relief; that the remainder of Plaintiff's federal claims were dismissed against the individual Defendants in their individual capacities and their official capacities to the extent that Plaintiff sought prospective injunctive relief on the merits; that Plaintiff's defamation claims against the individual Defendants were dismissed on the merits; that Plaintiff's negligent hiring and negligent supervision claims against AD Heeke were dismissed on the merits; and that jurisdiction was declined over Plaintiff's remaining state law claims.

Defendants filed a motion for sanctions pursuant to Federal Rule of Civil Procedure 11 on May 28, 2010 [Dkt. # 83]. Defendants sought a judgment against Plaintiff and her attorney, Cindy Rhodes Victor, and the Victor Firm, PLLC, jointly and severally, in the amount of $182,199 for violations of Rule 11(b)(1) and (3), and against Ms. Victor and her firm in the amount of $10,388 for violations of Rule 11(b)(2). Plaintiff filed a response [Dkt. # 92] on July 12, 2010; and Defendants filed a reply [Dkt. # 93] on July 21, 2010. The Court issued an order [Dkt. # 95] on September 30, 2010, granting in part and denying in part Defendants' motion for sanctions and finding that sanctions are appropriate to the extent that CMU incurred fees to defend Plaintiff's claims against it subsequent to the filing of Plaintiff's response to Defendants' motion to dismiss. The Court also directed the Defendant to provide supplemental briefing. Defendants filed their supplemental brief on October 19, 2010 [Dkt. # 97] and Plaintiff filed her supplemental brief on November 9, 2010 [Dkt. # 99]. For the foregoing reasons, the Court finds that Defendants are entitled to sanctions in the amount of $1,338.00.

Defendants' supplemental brief in regard to its motion for sanctions first reviews the Court's prior opinion and order [Dkt. # 95], and then provides time entries of its counsel for specific days,

but does not identify and explain the specific fees incurred by Defendant CMU in responding to Plaintiff's response to Defendants' motion to dismiss based on CMU's Eleventh Amendment immunity. More specifically, Defendants included time entries relating to work done on discovery requests, but Rule 11 does not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37. Fed. R. Civ. P. 11(d). Defendants' time entries also include the entirety of the time spent on its reply brief, approximately half of which address issues involving Defendant CMU. Finally, Defendant's September 2, 2009, entry includes a request for fees for discussing a motion for summary judgment, preparing for the hearing on Defendants' motion to dismiss, and reviewing the Court's order issued on Defendants' motion to dismiss. However, the motion for summary judgment discussions and hearing preparation involved issues unrelated to CMU defending its position that its Eleventh Amendment immunity had not been abrogated. Defendants do not explain why they are entitled to fees for the entirety of the work done on September 2, 2009 when only a portion of it is related to CMU's Eleventh Amendment immunity. As a result, a significant portion of the time entries submitted by Defendants do not fall within the scope of properly awarded sanctions in this case.

The primary purpose of Rule 11 sanctions is deterrence, not compensation. *Mann v. G. & G. Manufacturing*, 900 F.2d 953, 962 (6th Cir. 1990) (quotation and citation omitted). While the claimed fees may be "reasonable," Defendants are not entitled to all legal fees incurred in the case between August 10, 2009, and September 2, 2009 because the Court's prior order granted sanctions only to the extent that CMU incurred fees to defend Plaintiff's claims against it subsequent to the filing of Plaintiff's response to Defendants' motion to dismiss. Plaintiff suggests that the Court should deny CMU's request for fees because Defendants did not follow the Court's directive to

identify and explain the specific fees to which CMU is entitled. Plaintiff's alternatively suggest that the Court should conduct an evidentiary hearing as to the reasonableness of the amount of requested fees and limit any award appropriately. Defendants did not identify and explain the specific fees to which they are entitled, but they may be estimated in a reasonable way. Given the sums involved, an evidentiary hearing would be a waste of resources for all parties.

Based on the Court's review of the time entry descriptions, approximately half of the time entries made on August 11, 2009, August 12, 2009, and August 19, 2009 are reasonably within the scope of the Court's prior order granting sanctions. The other half of the time entry descriptions for these dates include issues for which the Court has found Defendant is not entitled to sanctions. As to the September 2, 2009 time entry, only the portion of time spent reviewing the Court's order granting motion to dismiss in part falls within the scope of the Court's prior order granting sanctions, and .2 hours is a reasonable estimate for the amount of time needed to conduct a review of the order.

Accordingly it is **ORDERED** that Defendants are entitled to sanctions in the amount of $1,338.00 for the fees incurred by Defendant CMU in responding to Plaintiff's frivolous response to its Motion to Dismiss. Plaintiff and Plaintiff's counsel are **DIRECTED** to pay the sanctions to defense counsel on or before **February 18, 2011**.

                                                 s/Thomas L. Ludington
                                                 THOMAS L. LUDINGTON
                                                 United States District Judge

Dated: January 10, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 10, 2011.

                                              s/Tracy A. Jacobs
                                              TRACY A. JACOBS